UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
EUSTACIO ROBERTS, *pro se*,     :
    :
    Plaintiff,     :
    :     **SUMMARY ORDER**
    -against-     :     12-CV-5231 (DLI) (LB)
    :
STEVEN CHAIKIN, MARCIA     :
STERLING WALTERS, ABC     :
INSURANCE COMPANIES 1-10,     :
    :
    Defendants.     :
    :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

On October 15, 2012, plaintiff Eustacio Roberts ("Plaintiff"), who is currently incarcerated at the Brooklyn Detention Center, brought this *pro se* action pursuant to 42 U.S.C. §§ 1983, 1985(2) and 1986 against his attorney, Steven Chaikin, a person who allegedly worked at the same firm as Plaintiff's attorney, Marcia Sterling Walters, and the insurance company that Plaintiff believes provides insurance coverage for Chaikin and Walters, ABC Insurance Companies 1-10 ("ABC"). (*See* Compl., Dkt. Entry 1.) Plaintiff also seeks to proceed *in forma pauperis*. (*See* Dkt. Entry 2.) The court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Summary Order. For the reasons set forth below, the Complaint is dismissed.

According to the Complaint and the documents attached to it, Plaintiff was charged with killing the mother of his son and arraigned on second degree murder charges in Kings County Criminal Court on April 28, 2010. (Compl., Ex. 3 at 2.) The New York State Unified Court System website indicates that the intentional murder charge against Plaintiff remains pending.

*See* http://iapps.courts.state.ny.us/webcivil/ecourtsMain, Case Number 03683-2010 (last visited Feb. 28, 2013).

Plaintiff alleges that when he appeared in court for the first time, he was approached by Chaikin, who introduced himself as Plaintiff's lawyer. (Compl., Ex. 3 at 2.) Plaintiff alleges that Chaikin had been hired secretly by Walters, a sister of the murder victim who purportedly also had been employed at the same firm as Chaikin, in order to provide Plaintiff with deficient legal representation. (*Id.*) Plaintiff alleges that Chaikin has provided insufficient assistance in his criminal case by failing to communicate with him and by delaying court proceedings. (*Id.*) As a result, Plaintiff alleges that Chaikin and Walters violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. (*See id.*, Counts I-III.) Plaintiff seeks damages from Chaikin and Walters pursuant to 42 U.S.C. §§ 1983, 1985(2) and 1986. (*See id.*) Plaintiff also claims that ABC provides insurance policies for Chaikin and/or Walters, and, therefore, is contractually liable for any damages this court awards. (*See id.*, Count IV.)

In reviewing this Complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis omitted). A district court must nevertheless dismiss an *in forma pauperis* action at any time when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 679 (quotation marks omitted).

It is well settled that 42 U.S.C. § 1983 ("Section 1983") "addresses only those injuries caused by state actors or those acting under color of state law." *Spear v. Town of West Hartford*, 954 F. 2d 63, 68 (2d Cir. 1992). "A private defendant may be held liable only as 'a willful participant in joint activity with the State or its agents.'" *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Here, it appears from the Complaint that Chaikin is a private attorney and Walters is a private party who used to work with Chaikin's firm. There also are no allegations that Chaikin or Walters conspired with the state. Thus, Plaintiff's Section 1983 claim must be dismissed.

Plaintiff also alleges that defendants Chaikin and Walters conspired to deny him due process and the equal protection of the laws in violation of 42 U.S.C. § 1985(2) ("Section 1985") and 42 U.S.C. § 1986 ("Section 1986"). As relevant here, Section 1985 provides a remedy:

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2). Section 1986 imposes liability on a person who had the power to prevent a Section 1985 violation, but failed to act. *See* 42 U.S.C. § 1986. Where, as here, a plaintiff alleges his rights were violated in connection with a state court proceeding, "[a] plaintiff states a

viable cause of action under Section 1985 or 1986 only by alleging a deprivation of his rights on account of his membership in a particular class of individuals." *Zemsky v. City of New York*, 821 F. 2d 148, 151 (2d Cir. 1987). Plaintiff does not allege that Chaikin and Walters conspired to deprive Plaintiff of any rights because he was a member of a protected class. Rather, Plaintiff alleges that Chaikin and Walters conspired to deprive him of his rights because Walters is the sister of the person who Plaintiff allegedly murdered, and was a colleague of Chaikin. Therefore, Plaintiff's Section 1985 and Section 1986 claims are dismissed.

Plaintiff names ABC as a defendant, apparently under the theory that it would indemnify Chaikin and Walters should they be held liable for damages. However, Plaintiff has not stated a claim against the individual defendants. Accordingly, Plaintiff's claims against ABC are also dismissed.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F. 3d 37, 45 (2d Cir. 2009). Here, the Complaint gives no indication that Plaintiff has a colorable claim under federal law. Therefore, any attempt to amend the Complaint would be futile. *See Cuoco*, 222 F. 3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, the Complaint is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed with prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge